MICHELE POWER
SEAN BROWN
POWER AND BROWN, LLC
P.O. BOX 1809
BETHEL, ALASKA 99559
Telephone: (907) 543-4700
Facsimile: (888) 887-1146

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HAROLD GREGORY, individually, and on behalf of his minor child, G.G., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. _____ Civ ( _____ ) <br><br><br> COMPLAINT FOR DAMAGES |

For his complaint, plaintiff, by and through counsel Power and Brown, LLC, alleges as follows:

Parties and Jurisdiction

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

2. Plaintiff submitted timely administrative claims based on the facts alleged herein

- 1 -

to the Department of Health & Human Services. More than six months has passed since the receipt of those claims, which have been neither admitted nor denied. The claims are deemed by plaintiff to be denied, pursuant to 26 U.S.C. § 2675.

3. At the time of the conduct that forms the basis for the allegations in plaintiff's Complaint, the Marshall Clinic; the Crooked Creek Clinic; the Aniak Clinic; and the Yukon-Kuskokwim Delta Regional Hospital ("YKDRH") through Yukon-Kuskokwim Health Corporation ("YKHC"), were carrying out a compact agreement with the Indian Health Service, and are deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314.

## Common Factual Allegations

4. Plaintiff Harold Gregory is the father of the minor child, G.G.

5. Throughout his childhood, G.G.'s caregivers repeatedly sought treatment of his incontinence at several facilities operated by the YKHC, namely the Marshall Clinic, the Crooked Creek Clinic, the Aniak Clinic and the YKDRH. No routine urinalysis to test for a urinary tract infection was administered.

6. The medical records indicate G.G.'s incontinence persisted for years, and with each visit to the clinic the providers blamed multiple factors for the incontinence, but never administered a routine urinalysis to test for infection.

7. Years after his first complaint of pain and incontinence, in or about June of 2007,

health care providers at the YKDRH ran the first urinalysis to test for a urinary tract infection, and discovered a urinary tract infection.

8. The discovery was too late, and extensive damage had already been caused to G.G.'s kidneys, renal system and urinary system because of the infection.

9. G.G. was referred to the Alaska Native Medical Center ("ANMC") in Anchorage, Alaska for further treatment.

10. Harold Gregory has observed G.G's decline in physical health and is responsible for G.G.'s long term care. As a result, Plaintiff suffered and continues to suffer damages.

### First Claim for Relief: Negligence

11. Plaintiff incorporates by reference all prior allegations herein.

12. The examination, care and control of the treatment of G.G. was performed by employees of the YKHC, through the Department of Health and Human Services, an agency of the United States of America. At all relevant times herein, said employees were acting within the scope of their employment.

13. In the aforesaid examination and control of the care and treatment of G.G., the defendant's employees negligently failed to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

14. As a proximate result of the negligence of the employees and agents of the

defendant, G.G. suffered pecuniary damages.

15. As a proximate result of negligence of the employees and agents of the defendant, G.G. suffered damages, both past and future, consisting of medical expenses, rehabilitation expenses, pain, suffering, inconvenience, loss of enjoyment of life, and future loss of wages.

Second Claim for Relief: Negligent Infliction of Emotional Distress

16. Plaintiff incorporates by reference all prior allegations herein.

17. Defendant's conduct of failing to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing was the cause of Plaintiff's damages.

18. Plaintiff was present during G.G's decline in physical health and emergency medical treatment. Plaintiff suffered severe emotional distress as a result of observing the decline in G.G.'s health and the emergency treatment.

19. Defendant's actions proximately caused Plaintiff to suffer severe emotional distress which entitles Plaintiff to be compensated for his damages in an amount to be proven at trial, which shall include but not limited to past and future emotional distress, and past and future lost enjoyment of life; and such other damages as permitted by law.

### Third Claim for Relief: Loss of Society

20. Plaintiff incorporates by reference all prior allegations herein.

21. G.G. suffered severe injuries as a result of defendant's negligent failure to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

22. As a result, Plaintiff is unable to share activities and experiences with the child whom he previously shared or anticipated sharing as G.G. reached a suitable age. Further, Plaintiff has sustained both past and future loss of consortium in the parent-child relationship, including loss of enjoyment, society, companionship, comfort, care, love, and affection.

### PRAYER FOR RELIEF

WHEREFORE plaintiff demands judgment for compensatory damages in excess of $5,000,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this 4th day of May, 2009, at Bethel, Alaska.

> s/ Sean Brown
> P.O. Box 1809
> Bethel, Alaska 99559
> Phone: (907) 543-4700
> Fax: (888) 887-1146
> E-mail: admin@powerbrown.com
> ABA No. 9510047